ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NOBLE BLACKERBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-071 |
| | ) | |
| FNU MCNEIL, Deputy Warden, Dodge State Prison, and CANDICE FRATWELL, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Dodge State Prison in Chester, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which

# I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names FNU McNeil, Deputy Warden, Dodge State Prison ("DSP") and Candice Fratwell as Defendants. (Doc. no. 1, pp. 1 & 3). Plaintiff complains that Defendant Fratwell failed to properly handle his grievance and that Defendant McNeil, *inter alia*, failed to protect him and retaliated against him for filing a grievance. (Id. at 3-4).

Plaintiff alleges that, in June 2007, Defendant McNeil was informed that Plaintiff was receiving threats from inmates at DSP because he previously worked as confidential informants and that his work as a confidential informant resulted in the incarceration of some of the inmates at DSP. (Id. at 3). Plaintiff contends that, despite receiving this information, Defendant McNeil failed to act. (Id.). Plaintiff maintains that, on August 11, 2007, he was assaulted by Anthony Bettis, an inmate at DSP. (Id.). Plaintiff explains that, after reporting the assault, he was placed in administrative isolation for fourteen (14) days and that Inmate Bettis was only placed in isolation for five (5) days. (Id.).

Plaintiff further alleges that, after being released from administrative isolation, he filed a grievance, but that it was denied as "Not Grievable." (Id.). Plaintiff contends that he then mailed this grievance, along with a letter concerning a previous interaction with Defendant McNeil,[2] to Defendant Fratwell, who is "over complaints/harassments." (Id.). Plaintiff maintains that, rather than acting on either the grievance or the letter, Defendant Fratwell forwarded them to Defendant McNeil, who called Plaintiff to his office to discuss

---

[2] According to Plaintiff, on August 17, 2007, Defendant McNeil directed Plaintiff to assault the individual threatening him concerning his previous work as a confidential informant and insinuated that Plaintiff was homosexual. (Doc. no. 1, p. 3).

2

the grievance and the letter. (Id. at 3 & 4). Plaintiff complains that, as a result of the grievance and letter that he sent to Defendant Fratwell, Defendant McNeil confined him in administrative isolation on September 19, 2007. (Id. at 4).

As relief, Plaintiff requests unspecified punitive damages for his pain and suffering. (Id.). Plaintiff also seeks a Court order, removing him from administrative isolation and transferring him to another facility. (Id. at 4 & 5). Finally, Plaintiff asks that the Court reprimand Defendants for violating his rights. (Id.).

## II. SCREENING OF COMPLAINT

**A.    Grievance and Letter Claim**

Plaintiff's claim concerning the alleged handling of his grievance and letter fails to state a claim upon which relief can be granted. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

3

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff alleges that, after his informal grievance was denied, he mailed the grievance and a letter to Defendant Fratwell, who failed to act and forwarded them to Defendant McNeil. (Doc. no. 1, pp. 3-4). However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, Plaintiff's claim concerning the alleged mishandling of his grievance and letter fails to state a claim upon which relief may be granted. As this is the only claim against Defendant Fratwell, she should be dismissed from the above-captioned case.

B.  **Failure to Protect Claim**

Plaintiff alleges that Defendant McNeil failed to act on information concerning threats Plaintiff received related to his former work as a confidential informant and that Plaintiff was later attacked by Inmate Bettis. However, to properly state a claim based upon an Eighth Amendment violation, a complaint must allege facts from which one could conclude that the defendant was "subjectively aware of the substantial risk of serious harm" and deliberately ignored it. Farmer v. Brennan, 511 U.S. 825, 834-38 (1994). "[M]ere[] negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).

In this case, Plaintiff does not suggest that Defendant McNeil was subjectively aware that Inmate Bettis posed a substantial risk of seriously harming Plaintiff. Rather, Plaintiff generally alleges that Defendant McNeil was notified that Plaintiff was receiving threats related to his work as a confidential informant and that Plaintiff's work as a confidential informant resulted in the incarceration of some of the inmates at DSP. (Doc. no. 1, p. 3). However, Plaintiff fails to specifically indicate whether the August 11, 2007 attack stemmed from his alleged work as a confidential informant or whether Inmate Bettis was one of the inmates who allegedly threatened him concerning his work as a confidential informant. As such, Plaintiff fails to state a claim against Defendant McNeil for deliberate indifference to a substantial risk of serious harm. See Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (*per curiam*) ("Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists . . . .").

5

## C. Retaliation Claim Based on August 2007 Administrative Isolation

Plaintiff's retaliation claim, based on his allegations concerning his August 2007 confinement in administrative isolation, also fails to state a claim upon which relief may be granted. Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner may state a cognizable § 1983 claim by alleging that the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254.

In this case, Plaintiff contends that, after reporting the alleged assault involving Inmate Bettis, he was confined in administrative isolation for fourteen (14) days. (Doc. no. 1, p. 3). However, Plaintiff does not indicate who allegedly confined him in administrative isolation. Plaintiff also fails to indicate which, if any, named Defendants instigated, or had direct knowledge of, the alleged retaliatory conduct. Simply put, Plaintiff presents no facts supporting this particular retaliation claim; Plaintiff merely submits a general allegation that he was retaliated against as a result of reporting the alleged assault involving Inmate Bettis. Therefore, Plaintiff's retaliation claim, concerning his August 2007 confinement in administrative isolation, fails to state a claim upon which relief may be granted. See Fullman

6

v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights . . . actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's grievance and letter claim, failure to protect claim, and retaliation claim based on his August 2007 confinement in administrative isolation be **DISMISSED** and that Defendant Fratwell be **DISMISSED** from this case.[3]

SO REPORTED and RECOMMENDED this 18th day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant McNeil based on Plaintiff's retaliation claim as it relates to his September 2007 confinement in administrative isolation.

7