IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

NOBLE BLACKERBY,            )
                            )
    Plaintiff,      )
                            )
v.                          )   CV 307-071
                            )
FNU MCNEIL, Deputy Warden, Dodge )
State Prison,               )
                            )
    Defendant.      )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Dodge State Prison located in Chester, Georgia, commenced this case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis*. The matter is now before the Court on Plaintiff's motion for injunctive relief.[1] (Doc. no. 19). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**.

---

[1] Defendant submits, "[I]t appears that [the instant motion] is more properly characterized as an "Amended Complaint," which [Plaintiff] may file as a matter of course pursuant to [Federal Rule of Civil Procedure] 15(a)." (Doc. no. 22, p. 1). However, although Plaintiff has used buzzwords such as "discrimination" and "retaliation," it appears that he is merely seeking to bolster his request for injunctive relief. Indeed, "Plaintiff is asking for the [Court] to move, and grant his injunction to have either the Plaintiff moved or his roommate, and not to be put in [protective custody]." (Doc. no. 19, p. 2). Therefore, the Court construes Plaintiff's instant filing as a motion for injunctive relief, the Court will treat Defendant's "Motion to Dismiss Plaintiff's Amended Complaint by Special Appearance" (doc. no. 22) as opposition to Plaintiff's motion for injunctive relief, and the **CLERK** is **DIRECTED** to terminate Defendant's motion to dismiss Plaintiff's amended complaint from the motions report.

## I. BACKGROUND

Plaintiff contends that he is "having problems with his roommate . . . ."[2] (Doc. no. 19, p. 1). Plaintiff maintains that, although he has informed several prison officials about the situation, he has received no assistance. (Id.). Rather, Plaintiff submits that Defendant has advised him that he could "sign himself into . . . protective custody."[3] (Id.). Plaintiff requests that the Court order that either he or his roommate be assigned to another cell, and that he not be confined in protective custody. (Id. at 2).

## II. DISCUSSION

Parties moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

---

[2] Plaintiff explains that, "[p]rior to . . . being moved into D-4 back in the first of May, derogertory [sic] remarks have [sic] been coming from [his] roommate. Two other white roommates . . . were moved for these [sic] same issues prior to Plaintiff being moved in with his roommate." (Doc. no. 19, pp. 1-2).

[3] Plaintiff alleges, in the above-captioned complaint, that Defendant confined him in administrative isolation after he complained about a previous confinement in administrative isolation. (Doc. no. 1, pp. 3-4).

2

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claims, that the threatened injury outweighs whatever damage the proposed injunction may cause Defendant, or that the injunctive relief would not be adverse to the public interest. Although Plaintiff argues that either he or his roommate should be assigned to another cell, Plaintiff does not cite, and the Court is not aware of, any viable legal or statutory justification for his request. Therefore, Plaintiff's request is unfounded.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

Plaintiff contends that he is "having problems with his roommate," that he is trying to prevent an incident and "stay out of harms way," and that he is trying to keep his roommate and himself out of trouble. (Doc. no. 19, pp. 1-2). However, Plaintiff has not provided the Court with specific facts describing his problems with his roommate or explaining how his current housing situation has actually jeopardized his security. Furthermore, although Plaintiff is dissatisfied with the suggested remedy of being confined in protective custody, it appears that prison officials have attempted to alleviate the situation and protect Plaintiff from a perceived threat. Indeed, Plaintiff's conclusory allegations concerning a perceived threat posed by his roommate appear to be wholly speculative, and thus, Plaintiff has failed to demonstrate that, if the motion is not granted, there is a real risk of imminent, irreparable injury. Therefore, Plaintiff cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief.[4]

---

[4] Moreover, the Court has a Local Rule that governs the service and filing of pleadings and other papers. The Rule provides:

> **LR 5.1 Certification of Service.** Each paper served other than by a United States Marshal shall include a certificate of the person or firm making service, his or its relationship to the parties, action, or proceeding, and the date, method, and address of service. The original of a certificate shall also be signed by the party of his attorney at whose instance service was made.

Loc. R. 5.1. In this regard, Plaintiff was ordered to serve upon Defendant's counsel a copy of every further pleading or other document submitted to the Court. (Doc. no. 10, p. 4 (citing Loc. R. 5.1)). Here, although Defendant's "Motion to Dismiss Plaintiff's Amended Complaint by Special Appearance" (doc. no. 22) suggests that Defendant received Plaintiff's motion for injunctive relief, the instant motion does not include a certificate of service. (Doc. no. 19). Therefore, the instant motion is due to be summarily denied on that basis alone. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*) (motion may be summarily denied for failing to comply with a court's Local Rules).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**. (Doc. no. 19)

SO REPORTED and RECOMMENDED this 5th day of August, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE