ORIGINAL

FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA   2008 OCT -7 AM 8: 13

DUBLIN DIVISION

| | |
|---|---|
| NOBLE BLACKERBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-071 |
| ) | |
| FNU MCNEIL, Deputy Warden, Dodge ) | |
| State Prison, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Dodge State Prison located in Chester, Georgia, commenced the above-captioned action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Defendant's Motion to Dismiss. (Doc. no. 17). Plaintiff has failed to respond to this motion,[1] and thus the Court considers this motion unopposed. Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**, that Plaintiff's case be **DISMISSED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

Plaintiff alleges that while he was working as a confidential informant at Dodge State Prison, he received threats from other inmates, and upon learning of these threats against

---

[1] When no response was filed, the Court specifically informed Plaintiff of the consequences of failing to respond and provided him additional time to file. (Doc. no. 25, p. 3).

Plaintiff, Defendant failed to act. (Doc. no. 1, p. 3). He states that on August 11, 2007, he was assaulted by another inmate, Anthony Bettis, and was placed in isolation without medical treatment. (Id.). Plaintiff goes on to allege that he filed a grievance regarding the incident but that a Ms. Tina Sanders said that the incident was "not grievable." (Id.). He then mailed his grievance to Candice Fratwell, whom he describes as "over complaints/harassments."[2] (Id.). He maintains that Ms. Fratwell forwarded Plaintiff's complaint to Defendant McNeil, who called Plaintiff into his office to discuss the matter and insulted him. (Id. at 3-4). As a result of the grievance, Plaintiff alleges that in September 2007, Defendant confined him to administrative isolation for filing the grievance regarding the assault. (Id. at 4). Plaintiff does not state in his complaint whether he filed any grievances regarding his placement in administrative segregation in September 2007. Plaintiff seeks, among other things, punitive damages for his pain and suffering. (Id. at 5).

## II. DISCUSSION

### A. Applicable Legal Standard

Where a defendant has filed a motion to dismiss based on failure to exhaust administrative remedies, as Defendant has here, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions.

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is

---

[2] Ms. Fratwell was dismissed from this action pursuant to the May 13, 2008 Order of the Honorable Dudley H. Bowen, Jr., United States District Judge. (Doc. no. 11). Plaintiff's grievance and letter claim, failure to protect claim, and retaliation claim based on his August 2007 confinement were also dismissed in the May 13, 2008 Order. (Id.).

2

entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.

. . . .

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues. . . . The defendants bear the burden of proving that the plaintiff has failed to exhaust his administrative remedies. . . . Once the court makes findings on the disputed issues of fact, it then decides whether under those findings, the prisoner has exhausted his available administrative remedies.

Turner v. Burnside, ___ F.3d ___, 2008 WL 3941976, at *3 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008)). Where exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

## B. Defendant's Motion to Dismiss

### 1. Three Strikes

Defendant's first argument is that Plaintiff's complaint should be dismissed because he has filed three or more actions that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. A prisoner attempting to proceed in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

3

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

Plaintiff's history of filings reveals that prior to commencing this case, he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim: (1) Blackerby v. Rickman, CV404-038 (N.D. Ga. Apr. 28, 2004) (dismissed for failure to pay filing fee or file affidavit seeking to proceed IFP after being ordered to do so by the Court);[4] (2) Blackerby v. Donald, CV404-231 (N.D. Ga. June 23, 2005) (dismissed for failure to state

---

[3] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[4] As recently explained in an Eleventh Circuit opinion, dismissal based on an abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious. Allen v. Clark, 266 Fed. App'x 815, 816-17 (11th Cir. 2008) (finding dismissal for failure to prosecute is a strike for purposes of § 1915(g)). In the United States District Court for the Northern District of Georgia, Loc. R. 41.3(A)(2) provides in pertinent part that an action is subject to dismissal based on the failure to comply with a lawful order of the court.

4

a claim for § 1983 relief); (2) Blackerby v. O'Donnell, CV407-116 (N.D. Ga. July 31, 2007) (dismissed as frivolous).[5]

In each of these cases, Plaintiff filed a complaint that was dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or otherwise qualified as a strike under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### 2. No Imminent Danger

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). The only claim remaining in this action is that Defendant violated Plaintiff's First Amendment rights in September 2007 by retaliating against him for filing a grievance regarding the assault in August 2007. However, Plaintiff has only alleged that Defendant retaliated against him by placing him in administrative segregation. This placement in administrative segregation does not implicate Plaintiff's physical security or expose him to the risk of serious physical injury.[6] Therefore, since Plaintiff has amassed

---

[5] After commencement of this case, Plaintiff amassed several more strikes in the Northern District of Georgia based on § 1983 cases he filed against persons that were apparently involved in his arrest, criminal prosecution, and subsequent cooperation with law enforcement officials during his incarceration regarding other ongoing investigations.

[6] Plaintiff's "failure to protect" claim regarding the August 2007 assault would come closest to implicating the imminent danger exception to the three strikes rule. However, this claim has been dismissed from the action. (Doc. no. 11). Moreover, in order to come within the imminent danger exception, Plaintiff must allege that he is in imminent danger at the time of filing, not at the time of the incident alleged in the complaint. Medberry, 185 F.3d at

5

three strikes against him and fails to qualify for the "imminent danger exception" to § 1915(g), he should not be allowed to proceed IFP.

### 3. Failure to Exhaust Administrative Remedies

Defendant's final argument for dismissal of Plaintiff's complaint is his failure to exhaust administrative remedies. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 92 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90-91 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006). Put

---

1193. Plaintiff admits that the assault took place over a month prior to filing, and at the time of filing, Plaintiff remained in administrative segregation. (Doc. no. 1, pp. 3, 5). Thus, even if Plaintiff's "failure to protect" claim were still before the Court, he would fail to meet the requirements of the imminent danger exception.

6

plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Within the Georgia Department of Corrections, the administrative grievance process is governed by SOP IIB05-0001. See SOP IIB05-0001 § VI(B). Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. Id. § VI(B)(1). The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id.

Following the Burnside test set forth *supra*, the Court first looks to Defendant's factual allegations. See Burnside, 2008 WL 3941976, at *3. The only claim remaining in this action against Defendant is for retaliation in violation of Plaintiff's First Amendment rights. This claim stems from being placed in administrative segregation in September 2007 because he filed a grievance related to the August 2007 assault and segregation. (Doc. no. 1, pp. 3-4). Defendant states in his brief supporting his motion to dismiss that "there is no record of Plaintiff ever filing a formal grievance while incarcerated at the Georgia Department of Corrections . . . ." (Doc. no. 17, Def.'s Br., p. 3 (citing Ex. J, Aff. of Tina Sanders, ¶ 11)). Defendant re-iterates later in his brief that "Plaintiff has not filed any formal grievance, nor does he allege filing any such grievance" regarding his placement in administrative segregation in September 2007. (Doc. no. 17, Def.'s Br., p. 11).[7] Since

---

[7] As relates to Plaintiff's claims that have been dismissed, Plaintiff also failed to follow the proper grievance procedure and therefore failed to properly exhaust his

Plaintiff has failed to respond to Defendant's motion, there are no factual allegations in his response for the Court to consider. See Burnside, 2008 WL 3941976, at *3. Under the exhaustion rules stated above, Plaintiff must properly exhaust all administrative remedies before bringing his claim in federal court. Accordingly, under the Burnside test, the Court finds that Plaintiff has failed to exhaust his administrative remedies within the Georgia Department of Corrections, and thus his complaint should be dismissed.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**, that Plaintiff's case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of October, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

administrative remedies. Defendant states the Plaintiff has not filed a formal grievance or filed an appeal with the Commissioner regarding the August 2007 assault and segregation. (Doc. no. 17, Def.'s Br., p. 10 (citing Ex. J, Aff. of Tina Sanders, ¶ 11)). Plaintiff admits as much when he states in his complaint that he sent a letter to Ms. Fratwell instead of following the grievance procedure provided by the Georgia Department of Corrections. (Doc. no. 1, pp. 3-4).