ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA  2008 DEC 10  PM 3: 37

DUBLIN DIVISION

NOBLE BLACKERBY,                       )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        CV 307-071
                                       )
FNU MCNEIL, Deputy Warden, Dodge       )
State Prison,                          )
                                       )
            Defendant.                 )

_____

**O R D E R**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which objections have been filed. Plaintiff has also

filed an amended complaint since the issuance of the Report and Recommendation. (Doc. no.

38). As discussed below, neither the objections nor the filing of the amended complaint alter

the Court's conclusion with respect to the Magistrate Judge's Report and Recommendation.

Before addressing Plaintiff's objections and his amended complaint, a brief history of

this case will be helpful. Plaintiff's original complaint made claims regarding: (1) the

handling of his grievance and letter regarding an alleged assault against Plaintiff in August

2007, (2) Defendant McNeil's failure to protect him from the assault, (3) alleged retaliation

in the form of placement in administrative segregation in August 2007 for reporting the assault,

and (4) placement in administrative segregation in September 2007 for filing a grievance

related to the August 2007 assault. (Doc. no. 1). Plaintiff stated that he filed an informal

grievance regarding the placement in administrative segregation in August 2007 but that this

grievance was denied as raising a non-grievable issue. (Id. at 2). He then sent a letter regarding this incident to Candice Fratwell, who he alleges is "over complaints/harassments." (Id. at 3). Plaintiff did not state whether he filed any grievances related to his placement in administrative segregation in September 2007. The undersigned dismissed Defendant Fratwell and the first three claims detailed above, but service of process was ordered on Defendant McNeil as to the fourth claim. (Doc. nos. 10, 11). Defendant McNeil then filed a Motion to Dismiss based, *inter alia*, on Plaintiff's failure to exhaust administrative remedies related to his placement in administrative segregation in September 2007, which was one of the reasons why the Magistrate Judge's October 7, 2008 Report and Recommendation recommended dismissal of the case.[1]

Plaintiff objects to the recommendation of dismissal for failure to exhaust administrative remedies because he contends that he was prevented from filing a formal grievance when his informal grievance was denied as raising a non-grievable issue. Therefore, he sent a letter to Candice Fratwell, who is "over complaints and harassments." (Doc. no. 36, p. 1). While it is not clear what incident Plaintiff is referring to in his objections, the Court notes that Plaintiff made these same statements in reference to the procedures he followed regarding his placement in administrative segregation in August 2007. However, the fact that Plaintiff filed an informal grievance with respect to the August 2007 incident and experienced difficulties with that process demonstrates neither that Plaintiff pursued administrative remedies

---

[1]As discussed *infra*, the Report and Recommendation also recommended dismissal based on the "three strikes" provision of the PLRA and Plaintiff's failure to qualify for the "imminent danger" exception to this provision. (Doc. no. 32, pp. 3-6).

with respect to his claim relating to his placement in administrative segregation in September 2007, nor that he should be excused from exhausting those remedies.

In an abundance of caution, however, the Court will assume that these objections relate to Plaintiff's failure to exhaust his administrative remedies as related to his placement in administrative segregation in September 2007. As explained in the October 7, 2008 Report and Recommendation, the mandatory exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Furthermore, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. In addition, under the PLRA's "strict exhaustion" requirement, administrative remedies must be utilized and are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson v. Meadows, 418 F.3d 1152, 1155, 1156 (11th Cir. 2005).

As noted above, Plaintiff contends that his administrative remedies were unavailable because his informal grievance was denied as raising non-grievable issues, and therefore he could not file a formal grievance. Initially, the Court notes that Plaintiff provides no documentation in support of his version of events. Notwithstanding that deficiency, it appears that Plaintiff had the opportunity to pursue his administrative remedies. Pursuant to SOP IIB05-0001, upon entering the Georgia Department of Corrections, each inmate receives an

3

oral explanation of the grievance procedure and an Orientation Handbook that contains instructions regarding this procedure. SOP IIB05-0001 § VI(A)(1). To the extent that Plaintiff is claiming that his placement in administrative segregation was a form of retaliation, such a complaint "is grievable regardless of form." Id. § VI(A)(4)(g). Even if the complaint were denied as raising non-grievable issues, there is no provision in the Georgia Standard Operation Procedures that prevents inmates from appealing such a determination. Moreover, to the extent Plaintiff is challenging the validity of his placement in administrative segregation, the SOP provides for a separate process for challenging this placement. See SOP IIB09-0001. Thus, under any scenario, Plaintiff's argument that his administrative remedies were unavailable is without merit, and his objections are **OVERRULED**.

The Court next turns its attention to Plaintiff's amended complaint, filed on October 28, 2008, following the issuance of the Magistrate Judge's Report and Recommendation. Pursuant to Fed. R. Civ. P. 15(a), a party may amend his complaint once as a matter of course at any time before a responsive pleading is served. Because no responsive pleadings have been filed,[2] Plaintiff does not need leave of the Court to amend his complaint.

Upon review of Plaintiff's amended complaint, however, it appears that this case must still be dismissed. In his amended complaint, Plaintiff makes various allegations regarding lack of food, dangerous items contained in food, lack of proper medical care, and weight loss during his incarceration at Dodge State Prison. (Doc. no. 38, p. 4). These allegations are

---

[2]While Defendant filed a motion to dismiss in response to Plaintiff's complaint, it is well-settled that a motion to dismiss does not qualify as a "responsive pleading" for purposes of Rule 15(a). See Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007) (citing Chilivis v. Sec. & Exch. Comm'n, 673 F.2d 1205, 1209 (11th Cir. 1982)).

apparently an attempt by Plaintiff to escape dismissal of his case based on the three strikes provision of the PLRA by alleging that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[3] As explained in the October 7, 2008 Report and Recommendation, in order to qualify for the imminent danger exception to the three strikes rule, a prisoner must be in imminent danger at the time he files suit in the district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's amended complaint does not state when these alleged incidents that purportedly placed him in imminent danger took place. As it is Plaintiff's burden to demonstrate that he was in imminent danger at the time of the filing of the original complaint in October 2007, id., Plaintiff still fails to qualify for the imminent danger exception. Thus, he may still not proceed IFP in this matter.

Even assuming *arguendo* that Plaintiff's allegations establish that he was in imminent danger at the time he filed his original complaint, this case must still be dismissed for failure to exhaust administrative remedies. In his amended complaint, Plaintiff alleges that he filed an informal grievance that was denied and that he therefore could not file a formal grievance. (Doc. no. 38, p. 2). Again, the Court notes that Plaintiff made these same statements in reference to the grievance procedures he followed regarding his placement in administrative

---

[3]Plaintiff is proceeding in this action *in forma pauperis* ("IFP"). (Doc. no. 3). However, a prisoner attempting to proceed in a civil action in federal court must comply with the requirements of the PLRA, including 28 U.S.C. § 1915(g), which states that a prisoner may not proceed IFP if he has had three or more prior lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). However, a prisoner may be excused from this "three strikes rule" if he or she is "under imminent danger of serious physical injury." Id. In the October 7, 2008 Report and Recommendation, the Magistrate Judge determined that Plaintiff was not entitled to proceed IFP because he had previously accumulated three strikes against him and did not qualify for the imminent danger exception. (Doc. no. 32, pp. 5-6).

segregation in August 2007. However, once again, the fact that Plaintiff filed grievances with respect to the August 2007 incident and experienced difficulties with that process demonstrates neither that Plaintiff pursued administrative remedies with respect to the claims presented in his amended complaint nor that he should be excused from exhausting those remedies.

However, in an abundance of caution, the Court will presume that the procedures Plaintiff maintains he followed in fact relate to the claims presented in his amended complaint. The administrative remedies Plaintiff alleges he pursued do not comply with the administrative grievance process set forth fully in the October 7, 2008 Report and Recommendation (doc. no. 32, pp. 7-8), as Plaintiff admittedly did not file a formal grievance or an appeal with the Office of the Commissioner. Furthermore, for the reasons set forth on pages 3-4 *supra*, the Court will not excuse Plaintiff from complying with the exhaustion requirements, and his argument that his administrative remedies were unavailable is without merit. Thus, Plaintiff's claims must still be dismissed for failure to exhaust his administrative remedies.[4]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court as modified herein. Therefore, Defendant's Motion to Dismiss is **GRANTED** (doc. no. 17), Plaintiff's case is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this _10th_ day of December, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[4]As the Court has determined that Plaintiff's amended complaint must be dismissed for failure to exhaust administrative remedies, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **MOOT**. (Doc. no. 39).